IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DEANNA DWYER, INDIVIDUALLY AND AS NEXT FRIEND FOR BLAKE DWYER, A MINOR, | § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 2:08-CV-409 (TJW) |
| | § | |
| v. | § | |
| | § | |
| CITY OF CORINTH, TEXAS, A TEXAS HOME RULE CITY, DEBRA BRADLEY, CHIEF OF POLICE OF THE CITY OF CORINTH, KEVIN TYSONS, A POLICE OFFICER FOR THE CITY OF CORINTH, CRAIG HUBBARD, A POLICE OFFICER FOR THE CITY OF CORINTH, CARSON CROWE, A POLICE OFFICER FOR THE CITY OF CORINTH, AND TASER INTERNATIONAL, INC., | § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants City of Corinth, Texas's ("Corinth"), Debra Bradley's ("Chief Bradley"), Kevin Tyson's ("Officer Tyson"), Craig Hubbert's, ("Officer Hubbert"), and Carson Crow's, (hereinafter referred to collectively as "the defendants") Motion to Transfer Venue to the Eastern District, Sherman Division. (D.I. # 11) The defendants request that this case be transferred to the Sherman Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a) and Fed. R. Civ. P. 20 and 21. After careful consideration of the parties' written submissions, the defendants' motion is GRANTED.

I. Background

Pllaintiff Deanna Dwyer filed this suit in her individual capacity and as next friend for minor Plaintiff Blake Dwyer, claiming that Defendants Corinth, Chief Bradley, Officer Tyson,

Officer Hubbert, and Officer Crow violated Blake Dwyer's Constitutional rights by unlawful seizure, excessive force, imposition of cruel and unusual punishment, and denial of medical care. All of these causes of action are based upon a seizure and alleged use of a Taser on Blake Dwyer on or about July 17, 2007, in the City of Corinth, Texas. Plaintiffs also assert State-law tort claims for malicious prosecution, negligence, and assault.

The occurrence giving rise to this action occurred in the City of Corinth, Texas, which is located within the Sherman Division. Plaintiffs are residents of Denton County, Texas in the Sherman Division. All of the defendants, with the exception of Taser International, reside and/or work in the Sherman Division. Defendant Taser International is a Delaware Corporation with its principal place of business in Arizona.

## II.  Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987)).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349

U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court noted however that the relevant factors to be considered in ruling on a 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id*. (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004).

**A.     Discussion**

The parties do not contest that this lawsuit could have been brought in the Sherman Division of the Eastern District of Texas. The parties disagree, however, about whether Sherman is a "clearly more convenient" forum for this case. Here, all of the events giving rise to the suit occurred in the Sherman Division. All of the medical personnel and first responders identified as witnesses live in the Sherman Division. This is not a case where there are defendants and documents are disbursed

in different locations. All of the likely witnesses and evidence is concentrated in or around the Sherman Division. The defendants, therefore, have met their burden to show that the Sherman Division is a "clearly more convenient" forum for this case.

### III. Conclusion

For the reason stated above, venue is proper in the Sherman Division, and the defendants have satisfied their burden of showing that the balance of convenience and justice substantially weighs in favor of transfer in this case. The defendants have shown "good cause" by "demonstrating that the transferee venue is clearly more convenient." Accordingly, Defendants' Motion to Transfer is GRANTED.

SIGNED this 30th day of March, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE